Filed 10/13/20  P. v. Cruz CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALAIN CRUZ,<br><br>    Defendant and Appellant. | G058176<br><br>(Super. Ct. No. 05ZF0105)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, James Edward Rogan, Judge.  Reversed and remanded.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*          *          *

1. *Introduction*

Alain Cruz appealed from a postjudgment order denying his petition for resentencing made pursuant to Penal Code section 1170.95 (section 1170.95), which was enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 2-4).  The trial court had denied the petition on the ground that Senate Bill No. 1437

violated the California Constitution. We conclude Senate Bill No. 1437 is constitutional and therefore reverse with directions to consider the petition on the merits.

## 2. *Background*

In 2007 a jury found Cruz guilty of first degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a)), under a theory of felony murder. The jury also found that Cruz had committed the offense to benefit a criminal street gang (*id.*, § 186.22, subd. (b)) and that a principal had intentionally discharged a firearm, causing death (*id.*, § 12022.53, subds. (d), (e)(1)). The trial court sentenced Cruz to a determinate term of 16 months followed by an indeterminate term of 50 years to life. A panel of this court affirmed the judgment against Cruz and another defendant in *People v. Cruz* (Aug. 14, 2008, G038987) (nonpub. opn.), which sets out the underlying facts of this case.

In 2018, the Legislature enacted Senate Bill No. 1437, which limited accomplice liability under the felony murder rule and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189. (See *People v. Solis* (2020) 46 Cal.App.5th 762, 768 (*Solis*); *People v. Cruz* (2020) 46 Cal.App.5th 740, 755 (*Cruz*).) Senate Bill No. 1437 also added section 1170.95 to create a procedure by which persons previously convicted of felony murder or murder under a natural and probable consequences theory may petition the superior court to have their murder convictions vacated and be resentenced if they could not now be convicted of murder under the amended versions of Penal Code sections 188 and 189. (*Solis, supra*, at p. 775; *Cruz, supra*, at p. 753.)

In February 2019, Cruz filed a petition for resentencing pursuant to section 1170.95. He alleged that he had been convicted of murder pursuant to the felony murder rule or the natural and probable consequences doctrine and that he satisfied the other requirements for relief.

In August 2019, the trial court denied Cruz's petition. The court concluded that Senate Bill No. 1437 violated article II, section 10, subdivision (c) of the California

Constitution by materially amending Proposition 7, which was passed by the electorate in 1978, and Proposition 115, which was passed by the electorate in 1990.  The court did not consider the petition on its merits.  Cruz timely appealed.  Respondent has not appeared in this appeal.

3. *Analysis*

We conclude, as has every published opinion addressing the issue, that Senate Bill No. 1437 does not amend Proposition 7 or Proposition 115 and, therefore, does not violate the California Constitution.  We reach our conclusion on the basis of the reasoning of *Solis, supra*, 46 Cal.App.5th at pages 769, 775-784 and *Cruz, supra*, 46 Cal.App.5th at pages 747, 754-761.  We need not repeat the analysis of these cases and other cases to conclude that Senate Bill No. 1437 does not amend Proposition 7 or Proposition 115.

4. *Disposition*

The postjudgment order denying Cruz's petition for resentencing pursuant to section 1170.95 is reversed and the matter is remanded to the trial court with directions to consider the merits of the petition.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.

3